IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

GUSTAVO BENITEZ RODRIGUEZ,              )
                                        )
          Petitioner,                   )
                                        )
     v.                                 )
                                        )     1:26-cv-01076 (AJT-IDD)
MARKWAYNE MULLIN, *et al.*,              )
                                        )
          Respondents.                  )

**ORDER**

Before the Court is Gustavo Benitez Rodriguez's ("Petitioner") Petition for Writ of Habeas Corpus ("Petition"), filed on April 20, 2026. [Doc. No. 1]. By order dated the following day, the Court ordered the Government to respond to the Petition within four days, [Doc. No. 3], and Respondents timely submitted that the factual and legal issues presented in the Petition do not differ in any material fashion from those presented in *Hernandez v. Crawford,* No. 1:25-CV-01565-AJT-WBP, 2025 WL 2940702 (E.D. Va. Oct. 16, 2025), or the other opinions of this Court cited therein. [Doc. No. 5].

Petitioner is a citizen of Honduras, who is alleged to have entered the United States without inspection in or around 2006. [Doc. No. 1] ¶¶ 1, 17, 27. On an undisclosed date in April 2026, Petitioner was arrested by immigration officials and taken to the Farmville Detention Center, where he remains. *Id*. ¶¶ 29-30. He further alleges that he has not been provided with a bond hearing. *Id*. ¶ 25.

In light of the foregoing, the Court determines, as it did in *Hernandez*, that Petitioner's detention is governed by section 1226(a)'s discretionary framework, not section 1225(b)'s mandatory detention procedures, and under section 1226(a) and its implementing regulations,

Petitioner is entitled to a bond hearing before an Immigration Judge. Accordingly, the Petition is **GRANTED**, and it is hereby

ORDERED that Petitioner be immediately released from custody, with all his personal property, pending his bond hearing before an immigration judge. Petitioner must live at a fixed address and provide that address to the Court within twenty-four (24) hours of the issuance of this Order. Petitioner must also appear at the bond hearing once the government notifies him of its date, time, and location; and it is further

ORDERED that Respondents must provide Petitioner with a bond hearing pursuant to 8 U.S.C. § 1226(a); and it is further

ORDERED that Respondents are **ENJOINED** from denying Petitioner release on bond on the basis that he is subject to mandatory detention pursuant to 8 U.S.C. § 1225(b); and it is further

ORDERED that, if Petitioner is released on bond, Respondents—along with their officers, agents, servants, employees, attorneys, successors, and assigns, and all persons acting in concert with them—be and are **ENJOINED** from rearresting Petitioner unless he has committed a new violation of any federal, state, or local law, or has failed to attend any properly noticed immigration or court hearing, or pursuant to 8 U.S.C. § 1231(a)(2).

The Clerk is directed to send copies of this Order to all counsel of record and to terminate the case.

Alexandria, Virginia
April 24, 2026

Anthony J. Trenga
Senior United States District Judge

2